UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LYNN SACOLICK,<br><br>Defendant. | Case No. 1:97-cr-00022-BLW<br><br>**ORDER** |

**INTRODUCTION**

Pending before the Court are Defendant Charles Lynn Sacolick's Motion to Modify and Release from Detention Order and Supervised Release (Dkt. 56), Motion for Expedited Resolution (Dkt. 59), and Notices of Inquiry and Motions for Status Hearing (Dkts. 60 & 61). Each filing requests that the Court modify Mr. Sacolick's 2004 sentence for violating the conditions of his supervised release. Because the pending motions provide no grounds for the Court to do so, it will deny Mr. Sacolick's Motions.

**STANDARD OF REVIEW**

18 U.S.C. § 3582(c) expressly limits the scope of a district court's authority to reconsider a criminal sentence. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it is imposed." *See United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011). In essence, "there is simply no such thing as a motion to reconsider an otherwise final sentence." *See United States v. Knepper*, No. 05-00191

**ORDER - 1**

JMS, 2016 WL 3264239, at *2 (D. Haw. June14, 2016); *see also United States v. Swygert,* No. 2:13-CR-00211-TLN, 2017 WL 431357, at *2 (E.D. Cal. Jan. 31, 2017).

There are only three exceptions to this general rule. First, a defendant whose Guideline sentencing range has been lowered by retroactive amendment may move for a sentence reduction if the terms of Section 3582(c)(2) are met. *Dillon v. United States*, 560 U.S. 817, 819–22 (2011). Second, the Court may consider a motion for sentence modification filed by the Director of the Bureau of Prisons. *See* § 3582(c)(1)(A); *United States v. Acevedo-Ramirez*, No. 1:12-cr-000227 LJO, 2016 WL 6582591, at *1 (E.D. Cal. Nov. 7, 2016). Third, the Court may entertain a request for modification "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." See § 3582(c)(1)(B); *Tadio,* 663 F.3d at 1046. Federal Rule of Criminal Procedure 35 provides two avenues for modification: (i) the district court may, "[w]ithin 14 days after sentencing, ... correct a sentence that resulted from arithmetical, technical, or other clear error[,]" or (ii) "upon the government's motion" the district court may reduce the sentence if the defendant provided "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(a)-(b).

## ANALYSIS

On April 16, 2004 the Court sentenced Mr. Sacolick to six months incarceration and 24 months supervised release for violating the conditions of his supervised release. Dkt. 53. The Court sentenced Mr. Sacolick based on his "admission that he failed to pay the $155 co-payment of drug counseling and testing services" in violation of the terms of

his supervised release. *Id.* The Court ordered the six-month sentence to "run consecutive to the defendant's conviction out of State Court," which ended on October 23, 2018. *Id.*

Mr. Sacolick asks the Court to vacate his sentence "in the interest of justice, and in the interest of reducing the Federal prison population." Dkt 56 at 7. He primarily argues the Court's sentence is "excessive" given the nature of his violation of supervised release. *Id* at 2-3. Alternatively, Mr. Sacolick asks the Court to count his time spent in state custody for a separate offense against his outstanding sentence for violating the conditions of his federal supervised release. *Id.* at 4-7. Nowhere in Mr. Sacolick's Motions does he point to any of the recognized exceptions in § 3582(c) that would allow the Court to modify or vacate his sentence.

Addressing each of the exceptions briefly, Mr. Sacolick does not argue that his term of imprisonment is based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* § 3582(c)(2). With regard to the second exception, the motion was not filed by the Director of the Bureau of Prisons. *See* § 3582(c)(1)(A). Finally, Mr. Sacolick's motion does not seek a sentence modification on any of the grounds permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* § 3582(c)(1)(B). Mr. Sacolick missed the 14-day window provided by Rule 35 to point out an "arithmetical, technical, or other clear error[,]" and he has not provided "substantial assistance in investigating or prosecuting another person." *See* Fed. R. Crim. Pro. 35 (a)-(b).

Therefore, the Court does not have the power to review Mr. Sacolick's sentence under § 3582(c). And, as the United States points out, any attempt to re-cast Mr.

**ORDER - 3**

Sacolick's challenge to his 2004 sentence as a motion under 28 U.S.C. § 2255 would be time-barred. *See* Dkt. 57 at 4. For the foregoing reasons, Mr. Sacolick's Motions will be denied.

## ORDER

1. Defendant's Motion to Modify and Release from Detention Order and Supervised Release (Dkt. 56) is DENIED.

2. Defendant's Motion for Expedited Resolution (Dkt. 59) and Notices of Inquiry and Motions for Status Hearing (Dkts. 60 & 61) are DENIED as moot.

DATED: February 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge